# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT EDWARD CRUMMEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1560 (CKK) |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUR-REPLY

On September 15, 2010, Brent Edward Crummey ("Plaintiff") filed a complaint against the Social Security Administration ("Defendant" or "SSA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006) and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a. (Docket No. 1.) On February 18, 2011, Defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (Docket No. 9.) On March 15, 2011, Plaintiff opposed that motion. (Docket No. 11.) On March 29, 2011, Defendant filed a Reply. (Docket No. 13.) On April 8, 2011, Plaintiff filed a Sur-Reply to Defendant's Reply. (Docket No. 14.) Defendant herein opposes Plaintiff's Sur-Reply.

### BACKGROUND

In Plaintiff's Sur-Reply, Plaintiff requests that SSA include a document Plaintiff created, titled "Simple Social Security Trust" ("Trust Document"), in SSA's Master File. (Sur-Reply p. 2-3). Plaintiff attempted to use his Trust Document to evade taxes, for which he was convicted of tax evasion. U.S. v. Crummey, No. 4:10-cr-00315. Now, Mr. Crummey is attempting to add his Trust Document in Defendant's Master file through the Privacy Act.

**ARGUMENT**

Plaintiff makes three allegations in his Sur-Reply.  First, that Plaintiff's Trust Document is necessary and relevant, and should be included in Defendant's Master File.  Second, that Defendant misrepresents facts and law to claim that no valid trust exists with the SSA.  And third, that Defendant did not adequately produce records on September 2, 2010 and September 9, 2010.

Plaintiff's first argument fails because Plaintiff's Trust Document is not necessary or relevant to Defendant's Master File.  Plaintiff's second argument fails because Defendant has accurately cited the facts and relevant case law holding that the issuance of a Social Security number and Submission of a Trust Document does not create a valid trust.  Plaintiff's third argument fails because Defendant has appropriately responded to the Plaintiff's requests and produced the required records on September 2, 2010 and September 9, 2010.

**I.    SSA Is Not Required To Amend Plaintiff's Records By Adding Plaintiff's 'Simple Social Security Trust' Document To The Master Files.**

Plaintiff argues that SSA must include a document he created, entitled "Simple Social Security Trust," in its Master Files pursuant to 5 U.S.C. § 552a (e) and (d).  Plaintiff alleges that this document will "clarify the identity of the person to whom SSA did, in fact, assign the SSN." (Sur-Reply p. 2.)

The Privacy Act provisions at 5 U.S.C. § 552a (e) require an agency to maintain only information in its records that is relevant and necessary to accomplish a lawful purpose of the agency.  Section (d) of the Privacy Act allows an individual to request an amendment of his

inaccurate records and for the agency to either correct the individual's records or provide an explanation of why the agency refuses to change the record. 5 U.S.C. § 552a (d)(2)(B).

Defendant refused Plaintiff's request to add Plaintiff's Trust Document. SSA has provided an explanation, namely that the information Plaintiff requests to include is neither relevant nor necessary to further a lawful purpose of the agency, and that adding Plaintiff's trust document would make SSA's record inaccurate because the document itself provides inaccurate information.

### A. Plaintiff's "Simple Social Security Trust" Document Is Neither Relevant Nor Necessary To Accomplish Any Legal Purpose Of The SSA.

The SSA must only maintain information in its records that is relevant and necessary to accomplish a legal purpose of the agency. 5. U.S.C. § 552a (e)(1). "The purpose of Social Security was not to create trusts with individual taxpayers, but was to provide social insurance for the 'security of the men, women and children of the Nation against certain hazards and vicissitudes of life.'" *Bond v. Commissioner of Revenue*, 691 N.W. 2d 831, 838 (Minn. 2005) (citing the *Economic Security Act Hearings Before the Committee on Ways and Means House of Representatives,* 74th Cong. 13 (1935)).

Plaintiff claims that SSA should include his "Simple Social Security Trust" in the Master Files "to notify the agencies and entities that use records maintained in the Master Files that the person assigned the SSN is a trust." (Sur-Reply p. 5.) Plaintiff's document incorrectly states "the Trust was created by the acceptance of said property, the Social Security Card." (Motion to Dismiss, Exh. A, p. 2.) The SSA never consented to Plaintiff's trust, nor signed the Trust Document, and issuance of a Social Security Number ("SSN") does not demonstrate an intent to form a trust (this argument is addressed in Section II). No such trust exists, and the inclusion of

such a document would not maintain relevant or necessary information that serves the purpose of the SSA.

### B. Master Files Do Not Include Data Elements For Trust Documents.

Furthermore, Plaintiff's attempt to include his Trust Document in the Master File also fails because Defendant's Master File does not contain a data element for simple social security trusts. The Notice of Proposed Amended and New Routine Uses of the Master Files (submitted as Exhibit G to Defendant's Motion to Dismiss) explains that a Master File contains specific information received on applications for SSNs, including "name, date and place of birth, sex, both parents' names, and race/ethnic data." (Motion to Dismiss, Exhibit G at p.1.) Mr. Crummey has not requested that SSA amend any of the data elements that SSA actually collects in its Master Files. (Wiggins Decl. ¶ 9.)

## II. Defendants Accurately State Facts and Law Holding That No Trust Exists.

Plaintiff states that a trust was created when SSA issued a Social Security card to Plaintiff. (Motion to Dismiss, Exh. A, p. 2., stating "the Trust was created by the acceptance of said property, the Social Security Card.") In support of the Motion to Dismiss, Defendant cited two cases holding that no valid trust was created, *Lizalek v. C.I.R.*, T.C. Memo. 2009-112, 2009 WL 1530160 (U.S. Tax Ct.) and *Bond v. Commissioner of Revenue*, 691 N.W. 2d 831 (Minn. 2005). Plaintiff alleges that these cases are inapposite to the present case. (Sur-Reply p. 4-5).

In *Lizalek*, the Petitioner attempted to defend against claims of tax evasion by arguing that a trust, not Petitioner, earned income. Petitioner argued that the SSA created a trust by issuing a Social Security card and that a document Petitioner sent to SSA documented the trust relationship. *Lizalek v. C.I.R.*, 2009 WL at 4. Petitioner claimed that he served as trustee with

the United States as a sole beneficiary, and that issuing a Social Security card constituted a transfer of property for the trust. *Id.*

The court dismissed Petitioner's argument, holding "[t]he issuance of a Social Security card is not a transfer of property that creates a trust as petitioner contends. Petitioner's submission of a purported trust document to the SSA and a Form 22-4 to the IRS does not create or in any way acknowledge the existence of a trust." *Id.*

In *Bond*, Petitioner created a document that he also titled "Simple Social Security Trust," which he claimed documented a trust relationship with SSA. *Bond* 691 N.W. 2d at at 833. The Petitioner argued that SSA manifested its approval of the trust by issuing him a social security card and holding open an account under his social security number. The Court found that "SSA has not manifested any intent to create a trust with individual taxpayers. The purpose of Social Security was not to create trusts with individual taxpayers, but was to provide social insurance." *Id* at 838.

Here, Plaintiff attempts to distinguish the facts in his case from the facts in *Lizalek* and *Bond*. Plaintiff argues that in his case the "SSA manifests its intent to create a trust by: 1) retaining ownership of the SSC; (2) informing the SSN Holder the SSC is the property of SSA and must be returned upon request; (3) SSN Holder must use the SSC for the benefit of the United States; and (4) SSN Holder must account for income earned using the SSC and distribute funds to the beneficiary in accord with FICA each year." (Sur-Reply p. 5.)

Plaintiff's additional facts do not show a manifestation of intent by the SSA to create a trust. While Plaintiff's facts (1) and (2) were not explicitly raised in *Lizalek* or *Bond*, they were present. SSA routinely retains ownership of the cards it issues, and states that the card must be returned if asked for. See Plaintiff's Exhibit 1, his Social Security card document stating "[t]his

card belongs to the Social Security Administration and you must return it if we ask for it."
Plaintiff's distinctions (3) and (4) are assertions he makes in his "Simple Social Security Trust" document. As in *Lizalek*, Plaintiff lists the beneficiary in his Trust Document as the United States Government. He also states compliance with FICA under the "Distribution" section of his Trust Document.

Neither the issuance of a Social Security card nor Plaintiff's unsigned Trust Document suffices to create a valid trust relationship with the SSA. The central holdings in *Lizalek* and *Bond* apply to this case: a social security card and a recipient's self-generated Trust Document do not create a valid trust. Accordingly, Defendant has not misconstrued facts and law, and Defendant has maintained accurate records of its Master Files pursuant to 5 U.S.C. §552a (e) (5).

Additionally, Plaintiff has been told by the Court in his criminal trial that issuance of a Social Security card and Plaintiff's "Simple Social Security Trust" document do not create a trust. In his criminal trial for tax evasion, the jury instructions read "[t]he issuance of a Social Security card is not a transfer of property that creates a trust." U.S. v. Crummey, No. 4:10-cr-00315. (Jury Instructions, Docket No. 72.) In his Motion to Dismiss in that case, Plaintiff asserted that he had created a valid trust. (*Id.* Docket Nos. 66.) That motion was denied. (*Id.* Docket Nos. 67.)

### III. Defendant Has Fulfilled Its Duty To Produce Documents Under FOIA.

A claim for access under FOIA is moot once the Plaintiff receives the documents that he has sought. *See, e.g.*, *Boyd v. Chertoff,* 540 F. Supp. 2d 2010, 216 (D.D.C. 2008); *Drake v. F.A.A.,* 291 F. 3d 59, 62. On September 2, 2010, SSA provided Plaintiff with certified copies of his original SS-5 and all of Plaintiff's Privacy Act/FOIA requests in its possession, as well as responses to those requests. (*See* Wiggins Decl. 1 at Ex. O; Wiggins Decl. 2 at ¶ 5.) Plaintiff

complains that the records produced to him on September 2, 2010 were not properly certified. (Sur-Reply at 6.)  However, the Exhibit attached to SSA's dispositive motion shows that SSA did provide Plaintiff with sealed and certified copies of the documents.  (See Wiggins Decl. 1 at Exh. O.)  Plaintiff contacted SSA to complain about the adequacy of the certification, and on September 9, 2010, SSA resent a copy of the certified documents, making sure that the attached ribbon ran through each certified document as requested by Plaintiff.  (*See* Wiggins Decl. 2 ¶ 6).

Plaintiff claims that he did not receive all of the documents he requested. (Sur-Reply at 6.)  Plaintiff proposes discovery, including a deposition and third party subpoena, to determine which documents were sent.  Defendant believes discovery to be unnecessarily burdensome in this case.  Defendant has provided records to the extent it possesses them, making any access claims moot.  If Plaintiff would like another certified copy of records, he may make a request and pay the required fee.

**IV. There Is No Basis Upon Which Plaintiff Can File A Sur-Reply.**

Finally, Plaintiff is not responding to any new material facts in his Sur-Reply. "[A] surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002).

In his Sur-Reply, Plaintiff disagrees with Defendant's arguments and reasserts claims made in his opposition to Defendant's Motion to Dismiss.  As there are no new issues raised in either Defendant's Reply, there is no basis for a Sur-Reply.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Chief, Civil Division

By: /s/   Gabriel R. Martinez
    GABRIEL R. MARTINEZ
    Special Assistant United States Attorney
    United States Attorney's Office
    Civil Division
    501 3rd Street, N.W.
    Washington, D.C. 20530
    Tel: 202-514-7139
    Gabriel.Martinez2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2011, a true and correct copy of the above

Opposition to Sur-Reply was mailed, postage prepaid, to

Brent Edward Crummey
5906 Bermuda Dunes
Houston, TX 77069

                                          /s/   Gabriel R. Martinez
                                          GABRIEL R. MARTINEZ
                                          Special Assistant United States Attorney
                                          United States Attorney's Office
                                          Civil Division
                                          555 4th Street, N.W.
                                          Washington, D.C. 20001
                                          Tel: 202-514-7139
                                          Gabriel.Martinez2