UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT EDWARD CRUMMEY,

    Plaintiff,

  v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civil Action No. 10-01560 (CKK)

**MEMORANDUM OPINION**
(April 30, 2012)

Plaintiff Brent Edward Crummey ("Crummey") brought this action against Defendant, the Social Security Administration (the "SSA"), claiming that the SSA ran afoul of the Freedom of Information Act and the Privacy Act when it refused to amend some of its official records and allegedly failed to provide him access to or produce others. Currently before the Court is Crummey's [30] Motion for Relief from Judgment ("Motion for Relief"), through which Crummey seeks relief under Federal Rule of Civil Procedure 60(b)(3) based on the SSA's purported "fraud upon the Court." Upon careful consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court finds Crummey's Motion for Relief to be utterly without merit. Accordingly, it shall be DENIED.[1]

---

[1] Although the Court's decision today is based on the record as a whole, its consideration has focused on the following documents, listed in chronological order of their filing: Pl.'s Mem. Br. in Supp. of Pl.'s Mot. for Relief from Judgment, ECF No. [30]; Def.'s Resp. in Opp'n to Pl.'s Mot. for Relief from Judgment, ECF No. [31]. Despite having ample time to do so, Crummey failed to file a timely reply. Accordingly, the motion is fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

# I. BACKGROUND

Crummey first brought this action on September 15, 2010, alleging that the SSA violated the Freedom of Information Act and the Privacy Act by refusing to amend its official records and by failing to provide him access to or produce other records upon his request. The linchpin of Crummey's action was his theory that the SSA somehow created a trust, bearing a name remarkably similar to his own, when it assigned him a Social Security Number and Social Security Card around the time of his birth. According to Crummey's theory, the trust the SSA created is a legal entity in its own right and he merely lends it "consciousness" and "physical capacity." Some time ago, Crummey drafted an agreement reflecting the alleged formation of the trust and, over the years, he has repeatedly attempted to get the SSA to add a copy to its official records.[2] Unsurprisingly, the SSA has consistently rejected Crummey's theory and Crummey's associated requests.

On June 30, 2011, the Court granted the SSA's Motion for Summary Judgment and dismissed the case. *See Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) (*per curiam*). First, the Court granted the SSA summary judgment on Crummey's requests for the amendment of records because Crummey failed to establish (i) that the SSA's records were inaccurate or incomplete, (ii) that the trust agreement included information that was relevant and necessary to a purpose of

---

[2] The reasons for Crummey's efforts are not altogether clear. At one point, Crummey claimed that the events of September 11, 2001 led him to be "concerned" about the government's use of Social Security Numbers. However, Crummey was indicted in the United States District Court for the Southern District of Texas for presenting false claims for tax returns and he attempted to use the trust agreement as part of his defense in that case. Whatever the case may be, the reasons behind Crummey's requests are immaterial to the pending motion.

the SSA, or (iii) that the information in the trust agreement corresponded to a relevant record system maintained by the SSA.  *See id.* at 56-59.  Second, the Court granted the SSA summary judgment on Crummey's requests for access to or the production of records because Crummey failed to establish that the SSA had withheld responsive records in its possession.  *See id.* at 59-62.  Crummey appealed, and the United States Court of Appeals for the District of Columbia Circuit affirmed.  *See Crummey v. Social Sec. Admin.*, No. 11-5231, 2012 WL 556317, at *1 (D.C. Cir. Feb. 6, 2012) (*per curiam*).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  FED. R. CIV. P. 60(b)(3).  Where, as here, fraud is claimed as the basis for relief, the movant bears the burden of (1) proving the fraud by "clear and convincing evidence" and (2) establishing that the fraud caused him "actual prejudice" by preventing a full and fair presentation of the case.  *See Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995); *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993), *aff'd*, 49 F.3d 760 (D.C. Cir. 1995).  Ultimately, Rule 60(b) is "intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'"  *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927 (1970)).  Although the Rule affords the district court "broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger*

*Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), it "should be only sparingly used," *Good Luck*, 636 F.2d at 577.

### III.  DISCUSSION

Crummey rests his [30] Motion for Relief on Rule 60(b)(3), which authorizes a district court to relieve a party from a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  FED. R. CIV. P. 60(b)(3).  Crummey contends that the SSA and its legal counsel committed a fraud upon this Court by submitting "false statements and false documents" in support of the SSA's Motion for Summary Judgment.  For at least two reasons, Crummey's Motion for Relief is without merit.

As a threshold matter, Crummey could and should have presented the Court with the evidence he now relies upon at a much earlier stage in this action.  Crummey's Motion for Relief rises and falls on one piece of evidence—namely, a transcript of the testimony provided by Dawn S. Wiggins ("Wiggins") in Crummey's criminal trial in the United States District Court for the Southern District of Texas.  *See* Excerpt of Tr. of Proceedings Before the Hon. Kenneth M. Hoyt, Test. of Dawn Wiggins, *United States v. Crummey*, Criminal Action No. H-10-CR-315 (S.D. Tex. Sept. 29, 2010).[3]  Wiggins, the Deputy Executive Director for the Office of Privacy and Disclosure in the SSA's Office of the General Counsel, also submitted declarations in support of the SSA's Motion for Summary Judgment in this action.  *See* Decl. of Dawn S. Wiggins, ECF No. [9-1]; Decl. of Dawn S. Wiggins, ECF No. [13-1].  Crummey now claims that Wiggins' testimony in his criminal trial contradicts her declarations in this case.  Significantly, however, Wiggins testified in Crummey's criminal trial on September 29, 2010, four months and twenty

---

[3] A copy of the transcript is available at ECF No. [30] in this action.

days *before* the SSA filed its Motion for Summary Judgment and five months and fifteen days *before* Crummey filed his Opposition to the SSA's Motion for Summary Judgment. Crummey was aware of Wiggins' testimony at the time he filed his Opposition in this case. Not only was he present at his criminal trial, he represented himself in that case and personally elicited the very testimony from Wiggins that he now relies upon in support of his Motion for Relief. Crummey offers no credible explanation—none—for his failure to present the transcript to this Court in a timely manner in connection with the briefing of the SSA's Motion for Summary Judgment.[4] Rule 60(b) does not provide a vehicle for parties to present theories, arguments, or evidence that could and should have been presented to the district court earlier. *See Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993), *cert. denied*, 511 U.S. 1018 (1994); *Secs. & Exch. Comm'n v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010).

Regardless, the Court has carefully reviewed the transcript of Wiggins' testimony in Crummey's criminal trial and the declarations that she submitted in support of the SSA's Motion for Summary Judgment in this action. Even affording Crummey the most favorable interpretation of those documents, there are *at best* minor inconsistencies between Wiggins' testimony in Crummey's criminal trial and her declarations in this action—inconsistencies, moreover, that would be immaterial to the Court's ultimate conclusion. Crummey has presented

---

[4] Although Crummey mentions in passing that he first obtained a certified copy of the transcript sometime in August 2011 (shortly after the Court granted the SSA's Motion for Summary Judgment), a reasonably diligent party charged with actual notice of what he claims is relevant evidence could and would have gathered the evidence in less than five months and fifteen days. Even assuming, *arguendo*, that for some extraordinary reason that was not possible, a reasonably diligent party would have moved the Court for an extension of time to file an opposition or opposed summary judgment based on the unavailability of facts "essential to justify [his] opposition." FED. R. CIV. P. 56(d). Crummey did none of these things because, quite simply, he did not exercise reasonable diligence.

no colorable evidence, let alone "clear and convincing" evidence, that Wiggins (or the SSA or its legal counsel) engaged in a fraud upon the Court.

## IV.  CONCLUSION

The Court has considered the remaining arguments advanced by Crummey and concludes that they are without merit.  Therefore, and for the reasons set forth above, Crummey's [30] Motion for Relief shall be DENIED.  An appropriate Order accompanies this Memorandum Opinion.


Date:   April 30, 2012

                                        /s/
                                        **COLLEEN KOLLAR-KOTELLY**
                                        United States District Judge